ORIGINAL



Mark G. Tratos (CA Bar No. 175354)
Laraine M.I. Burrell (CA Bar No. 242232)
Tyler R. Andrews (CA Bar No. 250686)
GREENBERG TRAURIG
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PART 47, INC., a New York corporation,<br><br>Plaintiff,<br><br>TRAKLOC NORTH AMERICA, LLC, a Delaware limited liability company, and DAVID JABLOW, an individual,<br><br>Defendants. | Case No. '07 CV 2420 LAB AJB<br><br>**COMPLAINT**<br><br>**Jury Demanded** |

For its complaint against Defendants Trakloc North America, LLC ("TLNA") and David Jablow ("Jablow") (collectively "Defendants"), Plaintiff Part 47, Inc. ("Part 47") complains and alleges as follows:

## NATURE OF ACTION

This is an action for declaratory relief, direct and contributory patent infringement, trademark infringement, unfair competition, and cybersquatting, under federal statutes; and breach of contract, unfair competition, intentional interference with contract, and intentional interference with prospective economic advantage under the applicable statutory and common law of California. Plaintiff seeks damages, attorneys' fees, costs, declaratory relief, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1388(a), 1388(b) and 15 U.S.C. § 1121. This court has supplemental jurisdiction over Part 47's state law claims pursuant to 28 U.S.C. § 1367(a).

1.

COMPLAINT

LV 418603531v1 7/20/2007

2. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§1391(b) because (i) the underlying Intellectual Property and Working Agreement at central issue in this action lists California law as controlling, and (ii) a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of California.

## THE PARTIES

3. Plaintiff Part 47 is a New York corporation with a principal place of business in New York, New York. Part 47 is a licensee and the exclusive licensor of the intellectual property at issue in this matter, as set forth in the allegations herein.

4. Upon information and belief, Defendant TLNA is a Delaware limited liability company with a principal place of business in Newark, New Jersey.

5. Upon information and belief, Defendant Jablow is a citizen and resident of New Jersey.

## ALLEGATIONS COMMON TO ALL COUNTS

6. The Trakloc system is a patented, self-locking drywall stud framing product that allows metal framers to construct walls faster and safer than using traditional drywall studs (hereinafter the "Trakloc System").

7. The technology for the Trakloc System was developed by Will Andrews ("Andrews"), a citizen of Australia, and owned by Wiltin Pty, Ltd., ("WPL") an Australian corporation.

8. The Trakloc System is protected by the patents in the U.S. and internationally, including the following (the "Patents in Suit"):

 o U.S. Application Serial No. 11/483,714 filed July 10, 2006 entitled "A Method for Production of Joining Profiles for Structural Members"

 o U.S. Application Serial No. 60/780,089 filed March 8, 2006, entitled "Fire Rated Wall Structure."

 o U.S. Application Serial No. 11/483,791 filed July 10, 2006,

COMPLAINT

LV 418603531v1 7/20/2007

1   entitled "Fire Rated Wall Structure."

2   o   PCT Application Serial No. PCT/US07/05621 filed March 6,
3   2007, entitled "Fire Rated Wall Structure."

4   9.   The Trakloc System is protected by trademarks in the U.S. and
5   internationally, including the following (the "Trademarks in Suit"):

6   o   U.S. Registration No. 3,117,490, registered July 18, 2006, for
7   the mark TRAKLOC.

8   o   Brazilian Application Serial No. 82708251 filed February 28.
9   2005, for the mark TRAKLOC.

10   o   Canadian Registration No. TMA 656,979 registered January 19,
11   2006, for the mark TRAKLOC.

12   o   U.S. Serial No. 78/625,483, filed May 9, 2005, for the mark
13   TRAKLOC (plus design).

14   o   U.S. Serial No. 78/854,470, filed April 5, 2006, for the mark
15   ELEVATOR STUD.

16   10.   Via written license agreements (the "Master Agreements"), the patent and
17   trademark rights in the Trakloc System for the United States, Canada, Mexico, and Brazil
18   (the "Territory") were licensed to International Fabricated Buildings, Inc., which in turn
19   transferred them to Trakloc International, LLC, a Nevada limited liability company ("Trakloc
20   International").

21   11.   Thereafter, Trakloc International sublicensed its rights under the Master
22   Agreements to various other entities for specific territories (the "Trakloc Sub-licensees").

23   12.   In 2006, Trakloc International registered the domain name <trakloc.com> (the
24   "Infringing Domain Name").

25   13.   The Patents in Suit, the Trademarks in Suit, and the Infringing Domain Name
26   relating to the Trakloc System were each originally developed and registered by Andrews,
27   WPL, or Trakloc International (the "Trakloc Intellectual Property") .

28   14.   On July 20, 2006, Trakloc International allegedly entered into a Settlement

3.

COMPLAINT

LV 418603531v1 7/20/2007

Agreement with Pandora Select Partners, L.P. ("Pandora"), whereby Trakloc International, among other things, allegedly agreed to transfer its rights as licensee of the Trakloc Intellectual Property under the Master Agreements to Pandora, upon the occurrence of certain events, which Pandora alleges did in fact occur.

15.   In November of 2006, Pandora took possession of certain Trakloc assets and pursuant to Settlement Agreement, Pandora allegedly became the the Licensee under the Master Agreements.

16.   Pandora's alleged acquisition of rights as licensee to the Trakloc Intellectual Property did not alter its obligations under the Master Agreements with licensors WPL and Andrews, nor did it alter Pandora's duties to maintain its relationships as Sub-licensor with the various Trakloc Sub-licensees.

17.   Soon thereafter, Pandora transferred its alleged Licensee rights under the Master Agreements to, Trakloc Building Technology Systems, Inc. ("TBTS") a wholly owned subsidiary of Pandora, that in fact operated directly out of the offices of Pandora.

18.   On July 13, 2007, Pandora and TBTS allegedly entered into an asset purchase agreement (the "Purchase Agreement") with Defendant TLNA through its principal Jablow, whereby TLNA allegedly acquired all of Pandora's and TBTS's alleged rights as licensee of the Trakloc Intellectual Property under the Master Agreements.

19.   Defendant TLNA's alleged acquisition of rights as licensee to the Trakloc Intellectual Property did not alter its obligations under the Master Agreements with licensors WPL and Andrews, nor did it alter TLNA's duties to maintain its relationships as Sub-licensor with the various Trakloc Sub-licensees.

20.   On September 11, 2007, WPL, as the inventor and owner of the Trakloc Intellectual Property, fully assigned its international rights to the Trakloc System and the Trakloc Intellectual Property, including WPL's rights as the exclusive licensor of the Trakloc Intellectual Property under the Master Agreements, to Part 47.

21.   Under the assignment from WPL, Part 47 currently has the right to manufacture, advertise, and sell the Trakloc System throughout the world except for the

4.

COMPLAINT

LV 418603531v1 7/20/2007

United States, Canada, Mexico, Brazil, Australia and New Zealand.

22. Additionally, under the assignment from WPL, Part 47 now possesses all rights formally held by WPL as the exclusive licensor of the Trakloc Intellectual Property under the Master Agreements, including the right to terminate the Master Agreements due to defaults by licensees such as TLNA.

23. On October 1, 2007, Roni Dersovitz, a principal of Part 47, wrote to Jablow and TLNA to inform them of Part 47's recent acquisition of international rights to the Trakloc System and Trakloc Intellectual Property.

24. On October 18, 2007, counsel for WPL wrote to TLNA's principal Jablow to inform him that TLNA (i) is not a party to the Master Agreements, (ii) has no standing to assert rights as a licensee of the Trakloc Intellectual Property, and (iii) has caused several non-curable defaults under the Master Agreement even assuming that TLNA maintained licensee rights under the Master Agreements.

25. Even assuming TLNA maintained licensee rights under the Master Agreements, TLNA, through Jablow, has materially breached the Master Agreements through several non-curable defaults (the "Non-Curable Defaults"), including, but not limited to, (i) failure to provide quarterly reports, (ii) failure to provide products liability insurance, (iii) failure to use commercially reasonable efforts to increase sales, (iv) failure to provide liability insurance sufficiently covering the licensor, (v) failure to use reasonable care in marketing the Trakloc product, and (vi) failure to use commercially reasonable efforts to increase the volume of licensed territorial sales.

26. Even assuming TLNA maintained licensee rights under the Master Agreements, TLNA, through Jablow, has materially breached the Master Agreements by engaging in a systematic scheme to interfere with the rights of Trakloc sub-licensees (the "TLNA Sub-Licensee Scheme") by, among other things, re-directing customers and sales of Trakloc products away from Trakloc Sub-licensees to itself or to non-licensed third-parties.

27. On November 7, 2007, the United States District Court for the Southern District of California issued a temporary restraining order and preliminary injunction (the

COMPLAINT

LV 418603531v1 7/20/2007

"TLNA Injunction") in favor of Trakloc sub-licensee Pacific Rollforming, LLC dba Trakloc Pacific ("Trakloc Pacific") and against TLNA, precluding TLNA (i) from claiming that it is the authorized licensee for the Trakloc system in Nevada when Trakloc Pacific is in fact the authorized licensee; (ii) from claiming that Trakloc Pacific is not the lawful licensee; and (iii) from contacting Trakloc Pacific's existing customers and prospective customers for the purpose of soliciting business or otherwise interfering with Trakloc Pacific's existing or prospective contracts.  3:07-cv-01897-L-JMA; (Docket no. 16) Judge M. James Lorenz.

28. On November 16, 2007, after the expiration of the alleged one year moratorium against defaulting the licensee had expired, counsel for Part 47 wrote to Jablow and TLNA to inform them that (i) TLNA has no rights under the Master Agreements, (ii) Part 47 is the duly-assigned licensor of all Trakloc Intellectual Property under the Master Agreements, and (iii) notifying TLNA of its continued breach of the Master Agreements through the Non-Curable Defaults and the Trakloc Sub-Licensee Scheme.

29. Despite the issuance of the TLNA Injunction and the warnings from WPL, Part 47, and its counsel, TLNA, through Jablow, continues to hold itself out as the exclusive licensee of the Trakloc System and Trakloc Intellectual Property throughout the Territory under the Master Agreements.

30. Despite the issuance of the TLNA Injunction and the warnings from WPL, Part 47, and its counsel, TLNA, through Jablow, continues to breach the Master Agreements through the Non-Curable Defaults.

31. Despite the issuance of the TLNA Injunction and the warnings from WPL, Part 47, and its counsel, TLNA, through Jablow, continues to breach the Master Agreements and the implied covenant of good faith and fair dealing through engaging in the Trakloc Sub-Licensee Scheme.

32. As more than thirty days have expired since counsel forwarded the letter of default and as TLNA has made little or no effort to cure said defaults, TLNA's or Jablow's rights, if any, to the Trakloc System and the Trakloc Intellectual Property have been terminated through the TLNA Injunction, the Non-Curable Defaults, and the TLNA Sub-

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

LV 418603531v1 7/20/2007

Licensee Scheme and the failure to cure same within the requisite thirty day period.

33. As at present neither TLNA or Jablow maintain rights as a licensee of the Trakloc Intellectual Property under the Master Agreements, TLNA's and Jablow's current marketing, selling, and distribution of the Trakloc Products violate the Patents in Suit, the Trademarks in Suit, and the Infringing Domain Name.

34. Because TLNA and Jablow have infringed, and continue to infringe, Part 47's valid and enforceable rights in the Trakloc System and the Trakloc Intellectual Property, Part 47 was compelled to file the instant action against TLNA and Jablow.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief

35. Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

36. This claim is for declaratory relief under the Federal Declaratory Judgment Act, 28 U.C.S. § 2201 and 2202, and rises from an actual controversy between Part 47 on one hand and Jablow and TLNA on the other hand, regarding the right, title, and interest to the Trakloc System and the Trakloc Intellectual Property.

37. A justiciable controversy has arisen between the parties in that Part 47 has been harmed by the false representations of Defendants regarding their status as licensees of the Trakloc System and the Trakloc Intellectual Property under the Master Agreements and their false claim of ownership of rights in the Trakloc System.

38. Part 47 has been designated as the exclusive licensor of the Trakloc System and the Trakloc Intellectual Property under the Master Agreements and maintains the legal right to cancel any alleged rights under the Master Agreements held by Defendants.

39. Defendants now wrongfully contend that (i) Part 47 maintains no right or standing to cancel Defendants' alleged rights to the Trakloc System and the Trakloc Intellectual Property under the Master Agreements, (ii) that Defendant TLNA remains a licensee under the Master Agreements, and (iii) that Defendants have not breached the Master Agreements through the Non-Curable Defaults or the TLNA Sub-Licensee Scheme.

7.

COMPLAINT

40. Defendants, through their false representations to third parties regarding their rights to the Trakloc System and Trakloc Intellectual Property under the Master Agreements, have caused irreparable harm to Part 47.

41. Part 47 asserts that (i) it is the valid and exclusive licensor of the Trakloc System and the Trakloc Intellectual Property under the Master Agreements, (ii) Defendant TLNA maintains no rights as a licensee of the Trakloc System and Trakloc Intellectual Property, and (iii) that Defendants have breached the Master Agreements and lost any rights to the Trakloc System or the Trakloc Intellectual Property through the Non-Curable Defects and the TLNA Sub-Licensee Scheme.

42. Part 47 is and will continue to be irreparably harmed unless this Court declares that (i) Part 47 is the valid and exclusive licensor of the Trakloc System and the Trakloc Intellectual Property under the Master Agreements, (ii) Defendant TLNA maintains no rights as a licensee of the Trakloc System and Trakloc Intellectual Property, and (iii) Defendants have breached the Master Agreements and lost any rights to the Trakloc System or the Trakloc Intellectual Property through the Non-Curable Defects and the TLNA Sub-Licensee Scheme.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

43. Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. Part 47, by way of assignment from WPL, became the exclusive licensor of the Trakloc System and the Trakloc Intellectual Property under the Master Agreements and maintains the right to enforce all terms of the Master Agreements relating to the rights of Trakloc System licensees.

45. Part 47 and WPL have performed in full all of the obligations, covenants and conditions required to be performed on its part under the Master Agreements, except for those obligations, covenants and conditions from which they have been lawfully excused

8.

1 from performing.

2     46. Defendants breached the terms of the Master Agreements through the Non-Curable Defaults and by failing to respond to repeated notices from WPL and Part 47 regarding the Non-Curable Defaults within the time allotted under the Master Agreements.

5     47. As a direct and proximate result of Defendants' breaches of the Master Agreements, Part 47 has been irreparably harmed and has sustained damages in excess of $75,000.00.

8     48. Part 47 has been forced to retain legal counsel to pursue its rights under the terms of the Master Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### Breach of the Covenant of Good Faith and Fair Dealing

49. Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

50. Under applicable law, the Master Agreements contained an implied covenant of good faith and fair dealing.

51. By their actions, omissions, false representations, and the TLNA Sub-Licensee Scheme, Defendants violated the implied covenant of good faith and fair dealing.

52. As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Part 47 has been irreparably harmed and has sustained damages in excess of $75,000.00.

53. Part 47 has been forced to retain legal counsel to pursue its rights under the terms of the Master Agreements and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relationship

54. Part 47 incorporates the allegations in the preceding paragraphs as if fully set

9.

COMPLAINT

forth herein.

55. Part 47 has entered into, or plans to enter into, valid and binding agreements with several investors, customers, vendors, licensees, and sub-licensees for the Trakloc System and Trakloc Intellectual Property.

56. At all times relevant, Defendants were fully aware of the various agreements between Part 47, WPL, and third party investors, customers, vendors, licensees, and sub-licensees regarding the Trakloc System and Trakloc Intellectual Property.

57. The wrongful and intentional acts on the part of Defendants to deny the legitimacy of Part 47 as the exclusive licensor of the Trakloc Intellectual Property were designed to, and in fact did, interfere with and disrupt the contractual relationships between Part 47 and its investors, customers, vendors, licensees, and sub-licensees.

58. As a direct, proximate, and legal result of the disruption of the agreements between Part 47 and Part 47's investors, customers, vendors, licensees, and sub-licensees, and contrary to the terms of the Master Agreements, Part 47 has suffered irreparable harm, and is entitled to recover damages from Defendants in an amount exceeding $75,000.00.

59. Part 47 has been forced to retain legal counsel to pursue its rights and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Advantage

60. Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

61. Part 47 has an expectation of future contractual benefits with various potential investors, customers, vendors, licensees, and sub-licensees for the Trakloc System and Trakloc Intellectual Property.

62. Defendants were fully aware of Part 47's ability to acquire and retain

10.

COMPLAINT

LV 418603531v1 7/20/2007

investors, customers, vendors, licensees, and sub-licensees, and of the current and future economic relationships between Part 47 and various businesses and entities desiring the Trakloc System.

63. Defendants were fully aware of the future economic benefit Part 47 expects from these various relationships.

64. Despite this knowledge, Defendants continue to contact the current and future contractual partners of Part 47 and imply that Part 47's status as the exclusive licensor of Trakloc Intellectual Property is illegitimate or invalid.

65. As a direct, proximate, and legal result of the disruption of Part 47's prospective economic advantage, and contrary to the terms of the Master Agreements, Part 47 has suffered irreparable harm, and is entitled to recover damages from Defendants in an amount exceeding $75,000.00.

66. Part 47 has been forced to retain legal counsel to pursue its rights and seeks recovery of all reasonable attorney fees and costs to prosecute this action in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Federal Patent Infringement –

### Direct Infringement under 35 U.S.C. § 271(a)

67. Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

68. Defendants have directly infringed the Patents in Suit, either literally, or under the Doctrine of Equivalents, and are continuing to directly infringe the Patents in Suit by making, using, selling and/or offering to sell products and services that embody the Trakloc System and are within the scope of the claims of the Patent in Suit.

69. Defendants' infringing acts have been, and continue to be, without Part 47's permission, license, or consent.

70. Defendants' infringing acts have been, and continue to be, willful and deliberate, entitling Part 47 to the recovery of treble damages, and making this an

11.

exceptional case within the meaning of 35 U.S.C. § 285.

71. As a direct and proximate result of Defendants' infringement, Part 47 has suffered, and will continue to suffer, monetary loss, irreparable injury to its business, reputation, and goodwill, and diminution of the value of the Patents in Suit, unless and until Defendants are enjoined from their infringing activities.

## SEVENTH CLAIM FOR RELIEF

### Federal Patent Infringement –

### Contributory Infringement under 35 U.S.C. §271(b)

72. Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

73. Defendants have induced infringement of the Patents in Suit by intentionally encouraging, causing, urging, and/or aiding others to directly infringe the Patents in Suit, by offering to sell and selling products and services within the scope of the Patents in Suit, and otherwise providing others with information and assistance for obtaining products embodying the Trakloc System.

74. Defendants' infringing acts have been, and continue to be, without Part 47's permission, license, or consent.

75. Defendants' infringing acts have been, and continue to be, willful and deliberate, entitling Part 47 to recovery of treble damages, and making this an exceptional case within the meaning of 35 U.S.C. § 285.

76. As a direct and proximate result of Defendants' infringement, Part 47 has suffered, and will continue to suffer, monetary loss, irreparable injury to its business, reputation, and goodwill, and diminution of the value of the Patents in Suit, unless and until Defendants are enjoined from continuing their infringing activities.

## EIGHTH CLAIM FOR RELIEF

### Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114

77. Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

COMPLAINT

LV 418603531v1 7/20/2007

78. Defendants have used and are using in commerce the Trademarks in Suit including the mark TRAKLOC, which is now being enforced by Part 47 as the exclusive licensor of the Trakloc Intellectual Property.

79. Defendants' use in commerce of the Trademarks in Suit, or marks confusingly similar to The Trademarks in Suit, and Defendants' use of the Infringing Domain Name <trakloc.com>, constitutes a reproduction, copying, counterfeiting, and colorable imitation of the Trademarks in Suit in a manner that is likely to cause confusion or is likely to deceive consumers.

80. By using the Trademarks in Suit with the knowledge that Defendants own no rights in the mark TRAKLOC under the Master Agreements, and the knowledge that Part 47 is now the exclusive licensor of the TRAKLOC mark under the Master Agreements, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

81. Defendants are using marks identical and/or confusingly similar to the Trademarks in Suit in connection with the sale, offering for sale, or advertising of products and services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with the Part 47 or as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Part 47.

82. Defendants' use of the Trademarks in Suit, and/or confusingly similar marks, has created a likelihood of confusion among consumers who may falsely believe that Defendants' business or web site is associated with the Trakloc System or that Part 47 sponsors or approves of Defendants' services or commercial activities.

83. As a direct and proximate result of Defendants' infringement, Part 47 has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### NINTH CLAIM FOR RELIEF

Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a)

84. Part 47 incorporates the allegations in the preceding paragraphs as if fully set

13.

COMPLAINT

LV 418603531v1 7/20/2007

1 forth herein.

2     85.    This claim arises under the trademark laws of the United States, 15 U.S.C. § 1051 et. seq., and, specifically, 15 U.S.C. § 1125(a), and is to remedy acts of trademark infringement by Defendants.

    86.    Without Part 47's consent and long after Defendants lost any rights as a licensee under the Master Agreements, Defendants continue to use in commerce the Trademarks in Suit on or in connection with the identical or goods and services related to the Trakloc System.

    87.    Defedants' use in commerce of the Trademarks in Suit is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Part 47 and the Trakloc System and is likely to cause confusion as to the origin, sponsorship, or approval of Defendants' goods and services by Part 47 and, therefore, constitutes false designation of origin in violation Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

    88.    As a direct and proximate result of Defendants' infringing activities, Part 47 has suffered substantial damage and is entitled to an injunction and to recover Defendants' profits, all damages sustained by Part 47, and the cost of this action under 15 U.S.C. § 1117(a), which amounts are yet to be determined.

### TENTH CLAIM FOR RELIEF

<u>Cybersquatting Under the Lanham Act, 15 U.S.C. § 1125(d)</u>

    89.    Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

    90.    Defendants have registered, trafficked in and/or used domain names, including the Infringing Domain Name, that are identical or confusingly similar to the TRAKLOC trademark, which was distinctive at the time Defendants or their predecessors-in-interest registered the Infringing Domain Name.

    91.    Upon information and belief, Defendants maintain a registration for the <trakloc.com> domain name and continue to operate a website at the <trakloc.com

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

LV 418603531v1 7/20/2007

1 domain name that markets infringing products and services related to the Trakloc System.

2     92.    Upon information and belief, Defendants or their predecessors-in-interest registered the Infringing Domain Name in bad faith and with the intent to profit from the TRAKLOC trademark and the Trakloc Intellectual Property.

    93.    As a direct and proximate result of such conduct, Part 47 has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill.

### ELEVENTH CLAIM FOR RELIEF

#### Common Law Trademark Infringement

94.    Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

95.    By virtue of having used and continuing to use the Trademarks in Suit, and becoming the exclusive licensor for the Trademarks in Suit, Part 47 has acquired enforceable common law rights in the Trademarks in Suit.

96.    Defendants use of marks identical to the Trademarks in Suit infringes common law rights in the TRAKLOC mark enforceable by Part 47, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' products, services, web site and/or Infringing Domain Name originate from, or are affiliated with, or endorsed by Part 47 when, in fact, they are not.

97.    As a direct and proximate result of Defendants' infringement of the Trademarks in Suit under the common law, Part 47 has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

### TWELFTH CLAIM FOR RELIEF

#### Common Law Unfair Competition

98.    Part 47 incorporates the allegations in the preceding paragraphs as if fully set forth herein.

99.    The above acts by Defendants constitute infringement of the Trakloc Intellectual Property, unjust enrichment, unfair competition and unfair business practices in

15.

COMPLAINT

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 418603531v1 7/20/2007

violation of Part 47's rights under common law. Defendants' conduct is contrary to honest practice in commercial matters and constitutes common law unfair competition under common law.

100. Defendants' conduct harms both Part 47 and consumers at large, and as a result of Defendants' improper acts, Part 47 has suffered and will continue to suffer irreparable injury for which no adequate remedy at law exists.

101. Without injunctive relief, Part 47 has no means by which to control the continuing injury to its reputation and goodwill. Part 47 has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Part 47 if it lost the ability to control the use of the Trakloc Intellectual Property, including its reputation and goodwill, through the false and unauthorized use of products, services, and trademarks embodying or relating to the Trakloc System by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Part 47 respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A declaration that (i) Part 47 is the valid and exclusive licensor of the Trakloc System and the Trakloc Intellectual Property under the Master Agreements, (ii) Defendant TLNA maintains no rights as a licensee of the Trakloc System and Trakloc Intellectual Property, and (iii) Defendants have breached the Master Agreements and lost any rights to the Trakloc System or the Trakloc Intellectual Property through the Non-Curable Defects and the TLNA Sub-Licensee Scheme;

B. A finding that Defendants breached the terms of the Master Agreements;

C. An award of damages for Defendants' infringement of the Patent in Suit;

D. A preliminary and permanent injunction against Defendants, their officers, partners, employees, agents, parents, subsidiaries, franchisees, attorneys, and anyone acting or participating with Defendants, precluding the manufacture, use, sale, or offer for sale any product or service that infringes

16.

COMPLAINT

the Trakloc Intellectual Property;

E. A finding that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of Part 47's attorney fees and costs;

F. An award of profits made by Defendants as a result of the acts complained of herein in accordance with 15 U.S.C. § 1117;

G. An award of compensatory, consequential, statutory and punitive damages to Part 47 in an amount to be determined at trial;

H. An award of interest, costs, attorneys' fees incurred by Part 47 in prosecuting this action; and

I. All other relief to which Part 47 is entitled.

DATED:  December 26, 2007.

GREENBERG TRAURIG

_(signature)_

Mark G. Tratos (CA Bar No. 175354)
Laraine M.J. Burrell (CA Bar No. 242232)
Tyler R. Andrews (CA Bar No. 250686)
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Counsel for Plaintiff

17.

COMPLAINT

LV 418603531v1 7/20/2007

```
          UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

       #  145937      -  BH

       December 27, 2007
            15:51:14


         Civ Fil Non-Pris
USAO #.: 07CV2420 CIVIL FILING
Judge..: LARRY A BURNS
Amount.:                $350.00 CK
Check#.: BC# 3231



       Total-> $350.00



FROM: CIVIL FILING
      PART 47 V. TRAKLOC N.A.
```

**ORIGINAL**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
PART 47, Inc., a New York corporation

**DEFENDANTS**
Trakloc North America, LLC, a Delaware limited liability company, and David Jablow, an individual

**(b)** County of Residence of First Listed Plaintiff   New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tyler R. Andrews, Esq., Greenberg Traurig, LLP, 3773 Howard Hughes Pkwy, Suite 500 North, Las Vegas, Nevada 89169; (702) 792-9002

Attorneys (If Known)

**'07 CV 2420 LAB AJB**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331, 1388(a), 1388(b) and 15 U.S.C. 1121.
Brief description of cause:
Patent infringement

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE M. James Lorenz; 3:07-cv-01897-L-JM DOCKET NUMBER 16

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 145987   AMOUNT $350 12/27/07 by   APPLYING IFP   JUDGE   MAG. JUDGE